Receipt No. 008397

ORIGINAL

FILED
JUL 23 2008
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

LOVE TERMINAL PARTNERS, L.P. and VIRGINIA AEROSPACE, LLC,

Plaintiffs,

v.

UNITED STATES,

Defendant.

No. 08-536 L

Judge ______________

**COMPLAINT FOR JUST COMPENSATION**

Plaintiffs, Love Terminal Partners, L.P. (LTP) and Virginia Aerospace, LLC (VA Aerospace), hold long-term lease rights to approximately 26.8 acres of Love Field, a commercial airport located in north Dallas, Texas and owned by the City of Dallas. Use of the land is limited to air transportation purposes. In 1999 LTP constructed a luxury commercial airline terminal on its portion of the leased airport land to service Legend, Delta and other airlines, with the intention of expanding operations onto the adjacent VA Aerospace lease, to accommodate increased passenger air traffic at Love Field.

In 2006 Congress enacted the Wright Amendment Reform Act, an air transportation statute intended to limit commercial passenger service at Love Field by prohibiting the use of the 26.8 acres leased by LTP and VA Aerospace for commercial passenger service, and specifically requiring the demolition of all of the passenger gates at LTP's existing terminal building to ensure that the facility (as well as the VA Aerospace lease) can never again be used for passenger service.[1] This lawsuit seeks Fifth Amendment just compensation for the Government's

[1] Wright Amendment Reform Act of 2006, Pub. L. No. 109-352 (2006).

appropriation of Plaintiffs' property, including their Love Field lease rights and the LTP terminal building.

**Parties**

1. Plaintiff Love Terminal Partners, L.P. is a limited partnership organized under the laws of the State of Delaware with its principal place of business located in Dallas, Texas. LTP owns a luxury airline terminal building, containing six passenger gates, at Love Field, Texas, on nine acres sublet from Plaintiff, VA Aerospace. LTP constructed the terminal building in 1999.

2. Plaintiff Virginia Aerospace, LLC is a Virginia limited liability corporation with its principal place of business in Dallas, Texas. VA Aerospace is the owner of the lease rights to approximately 26.8 acres located at Love Field, Texas. VA Aerospace subleases approximately nine acres of this land to LTP. VA Aerospace and LTP are related entities, and all shares of each entity are identically owned.

3. Defendant United States of America is a republic formed under the Constitution of the United States, and exercising its powers subject to certain constitutional limitations, including the Fifth Amendment to the United States Constitution, which prohibits the taking of private property for public use, without payment of just compensation.

**Jurisdiction**

4. This Court has jurisdiction of this case under 28 U.S.C. § 1491 (the Tucker Act) as a money damages "claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department or upon any express or implied contract with the United States . . . ."

**Operative Facts**

5. On June 10, 1955, the City of Dallas entered into a long-term lease with Braniff Airways, Incorporated, granting Braniff the exclusive use of approximately 36 acres (subsequently reduced to approximately 26.8 acres), together with the non-exclusive right to the use of the runways, taxiways, and other airport facilities at Love Field (the master lease). The master lease limits use of the premises to air transportation purposes.

6. On August 11, 1999, LTP subleased approximately nine acres of the area covered by the master lease for the purpose of providing commercial air passenger service at Love Field. LTP's sublease included "the non-exclusive right to use the Airport and all landing areas, runways, taxiways, ramp and apron areas, improvements, fixtures, appurtenances, services and facilities as may from time to time be installed thereon for the general operation of the Airport . . . ." In its sublease LTP agreed to abide by all of the provisions of the master lease, including the limitation of use to air transportation purposes.

7. LTP then constructed a luxury airline passenger terminal on the nine acres to accommodate Legend Airlines as well as Delta, and other airlines using Love Field. The LTP Terminal includes parking, concessions, state-of-the-art facilities for accommodating air travelers, and six passenger gates. Dallas subsequently incorporated the six gates as part of the city's Master Plan for expansion of Love Field.

8. On December 12, 2003, VA Aerospace acquired the master lease, subject to the LTP sublease, for the purpose of providing commercial passenger airline service at Love Field, in cooperation with LTP. Specifically, VA Aerospace and LTP planned to expand the terminal and related air passenger services beyond the 9 acres subleased by LTP as air traffic at Love Field increased.

9. In 2006 Congress enacted the Wright Amendment Reform Act, an air transportation statute intended to place a limit on commercial passenger service at Love Field by prohibiting the use of the 26.8 acres leased by LTP and VA Aerospace for commercial passenger service, and specifically requiring the demolition of all of the passenger gates at LTP's existing terminal building to ensure that that facility (as well as the VA Aerospace lease) can never again be used for passenger service.[2] The statute makes no provision for payment of just compensation to LTP for the property taken.

10. As a result of Congress' passage of the Wright Amendment Reform Act in 2006,[3] LTP'S terminal building and 9-acre sublease, as well as VA Aerospace's 26.8-acre lease, cannot be used for air transportation purposes.

**CLAIM FOR RELIEF**

(Just Compensation for Property Taken)

11. The Constitution of the United States requires that Defendant United States pay just compensation for all property taken for public use.

12. To date, Defendant United States has paid Plaintiffs, LTP and VA Aerospace, nothing as compensation for the property it has taken for public use, in violation of the Constitution of the United States.

13. As a direct, foreseeable, and proximate result of the acts of Defendant, Plaintiffs, LTP and VA Aerospace, have been damaged in the amount of at least $120 million, equal to the just compensation due them under the Fifth Amendment, including interest thereon at a rate to be established by this Court.

---

[2] *Id.*
[3] *Id.*

14. As a further direct, foreseeable, and proximate result of the taking of their property without just compensation, Plaintiffs, LTP and VA Aerospace, have been required to retain the services of counsel to prosecute this action. LTP and VA Aerospace have incurred, and will incur, attorneys' fees, appraiser and expert witness fees, and costs and expenses of litigation in an amount as yet unascertained.

## PRAYER FOR RELIEF

Plaintiffs, LTP and VA Aerospace, therefore pray for relief as follows:

1. A money judgment in the amount of at least $120 million as the just compensation owing to Plaintiffs, LTP and VA Aerospace, for the permanent taking of their property for public use, together with interest at the legal rate from the date of taking;

2. Reasonable attorneys' fees for the bringing of this action;

3. The expenses of appraisers and other experts reasonably required to prosecute this action, together with other costs of this suit; and

4. Such other and further relief as the Court considers just.

Respectfully submitted,

Nancie Marzulla

Nancie G. Marzulla
Roger J. Marzulla
MARZULLA LAW
1350 Connecticut Ave., N.W.
Suite 410
Washington, DC 20036
(202) 822-6760 (telephone)
(202) 822-6774 (facsimile)

Date: July 23, 2008

Counsel for Plaintiffs