**Electronically Filed on April 29, 2011**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| LOVE TERMINAL PARTNERS, L.P., *et al.*, ) ) ) ) Plaintiffs, ) ) v. ) ) UNITED STATES, ) ) Defendant. ) ) | No.  08-536 L<br>Honorable Margaret M. Sweeney |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant United States, by and through its undersigned counsel, hereby responds to the correspondingly numbered paragraphs of Plaintiffs' Complaint, as follows:

The first two unnumbered paragraphs of the complaint set forth Plaintiffs' characterization of the nature and basis of their lawsuit to which no response is required. To the extent a response is required, Defendant admits that Love Field is an airport in Dallas, Texas that is owned by the City of Dallas. Defendant lacks sufficient information on which to either admit or deny the remaining allegations in the first sentence of the first unnumbered paragraph and therefore denies those allegations. The allegations in the second sentence purport to characterize the terms of the alleged lease. Defendant admits that it has seen an alleged lease, which purports to limit use of the property to "air transportation services," but denies that such use has been limited in any way by Defendant's physical or regulatory activities. The Court is directed to the

lease, which speaks for itself and is the best evidence of its terms.  Defendant admits that Plaintiff LTP constructed facilities on the property including a passenger terminal, but lacks sufficient information on which to either admit or deny the remaining allegations in the third sentence and therefore denies those allegations.

In the first sentence of the second unnumbered paragraph, Defendant admits that Congress enacted the Wright Amendment Reform Act in 2006, Pub. L. No. 109-352 (2006).  The remaining allegations in the first sentence purport to characterize the Wright Amendment Reform Act, which constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies those allegations.  The second sentence sets forth Plaintiffs' characterization of the nature and basis of their lawsuit to which no response is required.

1. Defendant lacks sufficient information on which to either admit or deny the allegations contained in the first sentence and therefore denies the allegations.  Defendant admits only that LTP constructed facilities on the property, including a passenger terminal, but denies that LTP owned the facilities.  Defendant lacks sufficient information on which to either admit or deny the remaining allegations in the second and third sentences and therefore denies those allegations.

2. Defendant lacks sufficient information on which to either admit or deny the allegations contained in this paragraph and therefore denies the allegations.

3. Defendant admits that the United States of America is a republic formed under the Constitution of the United States.  The remaining allegations in this paragraph characterize the Constitution, particularly the Fifth Amendment of the Constitution, which represent legal conclusions to which no response is required.

DEFENDANT'S ANSWER TO PLS.' COMPLAINT      2

4. Defendant admits only that the Tucker Act, 28 U.S.C. § 1491, confers jurisdiction on this Court to adjudicate claims for money damages founded upon the Constitution or a contract with the United States.

5. Defendant admits that the City of Dallas entered into a lease with Braniff Airways, Incorporated on June 10, 1955. The remaining allegations in the first and second sentences of this paragraph purport to characterize the lease. The Court is directed to the lease, which speaks for itself and is the best evidence of its terms.

6. Defendant lacks sufficient information on which to either admit or deny the allegations in this paragraph and therefore denies those allegations.

7. Defendant admits only that Plaintiff LTP constructed facilities at Love Field including a passenger terminal and a parking structure, but lacks sufficient information on which to either admit or deny the remaining allegations in this paragraph and therefore denies those allegations.

8. Defendant lacks sufficient information on which to either admit or deny the allegations in this paragraph and therefore denies the allegations.

9. Defendant admits only that Congress enacted the Wright Amendment Reform Act in 2006. Defendant denies the remaining allegations in this paragraph.

10. Defendant denies the allegations in this paragraph.

11. The allegations in this paragraph purport to characterize the Constitution of the United States and thus constitute conclusions of law to which no response is required.

12. Defendant admits that it has not provided compensation to Plaintiffs LTP and VA Aerospace. Defendant denies that Plaintiffs LTP and VA Aerospace are entitled to compensation and further denies that any violation of law occurred.

DEFENDANT'S ANSWER TO PLS.' COMPLAINT    3

13. Defendant denies the allegations in this paragraph.

14. Defendant denies the allegations in this paragraph.

The remainder of the Complaint consists of Plaintiffs' Prayer for Relief, to which no response is required, but in the event that a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Defendant denies any allegations of the Complaint, whether express or implied, that are not expressly admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim on which relief can be granted.

2. Defendant asserts that, to the extent it is found liable for a taking of any property interest possessed by Plaintiffs, the City of Dallas or other third parties are responsible for any compensation owed to Plaintiffs.

Wherefore, Defendant respectfully prays that this Court deny in all respects Plaintiffs' Prayer for Relief, dismiss the Complaint, enter judgment for Defendant, and grant such other relief as may be appropriate.

Respectfully submitted this 29th day of April, 2011.

        IGNACIA S. MORENO
        Assistant Attorney General

        */s/ James D. Gette*
        James D. Gette
        Acting Assistant Chief
        Emily M. Meeker
        Trial Attorney
        Natural Resources Section
        Environment and Natural Resources Division
        United States Department of Justice
        P.O. Box 663
        Washington, DC  20044-0603
        202-305-1461 (office)
        202-305-0506 (fax)

        Attorneys for the United States

Of Counsel:

Paul S. Smith
Senior Trial Attorney
U.S. Department of Transportation
1200 New Jersey Ave., S.E.
Washington, DC  20590
(202) 366-9280 (office)
(202) 493-0154 (fax)