# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____

LOVE TERMINAL PARTNERS L.P., et al.,

        Plaintiffs,

        v.

UNITED STATES OF AMERICA,

        Defendant.

_____

Case No. 08-536L

Hon. Margaret M. Sweeney

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR CLARIFICATION

Plaintiffs, Love Terminal Partners L.P. and Virginia Aerospace, LLC (collectively "LTP"), oppose the Government's groundless motion for clarification of the order denying its previous pointless motion to issue a notice advising the city of Dallas of this lawsuit. This motion points to no ambiguity in the order that requires clarification. At best, it is a tortured attempt to tease confusion out of an order containing none.

For starters, there is no ambiguity in the Court's detailed explanation of why the Government did not need to send notice to the city of Dallas—the city was already fully aware of this lawsuit:

> Dallas has been aware of these proceedings since at least December 23, 2008, the date on which plaintiffs' counsel wrote to Thomas P. Perkins, the Dallas City Attorney, to request a site inspection by the undersigned of the leased premises that are the subject of this case. Christopher J. Caso, Assistant City Attorney, responded to plaintiffs' counsel on December 24, 2008, and indicated that Dallas would postpone demolition to accommodate a site inspection. See Pls.' Mot. Schedule Site Inspection Before Demolition of Leased Premises Ex. (Jan. 5, 2009).

Thereafter, on February 11, 2009, Mr. Caso participated in a status conference and agreed that the site inspection would occur on March 25, 2009. See Order (Feb. 17, 2009). Then, upon the undersigned's arrival at the premises, Mr. Caso, together with other Dallas officials, required the undersigned to execute a release and waiver of liability. In the absence of a signed release, Dallas refused to grant access to the premises. Most recently, plaintiffs appended to their opposition brief an affidavit from their counsel stating that Mr. Perkins, in a conversation with counsel on May 12, 2011, indicated that (1) he was aware of these proceedings, (2) he read the court's February 11, 2011 decision denying defendant's motion to dismiss and granting plaintiffs' cross-motion for summary judgment on partial liability, and (3) Dallas had "no interest in participating in this case." Pls.' Opp'n Def.'s Mot. Issue Notice Third Party Pursuant to RCFC 14(b)(1), Ex. 1 (Decl. Roger J. Marzulla) (May 13, 2011).[1]

Likewise, the order accurately and unambiguously reflects what Government counsel told the Court as to why notice should be given:

> [T]hat the government does not invoke RCFC 14(b)(1) for any purpose other than to provide actual notice to Dallas of this suit and afford it an opportunity to defend any interest that it may have in these proceedings. According to government counsel, defendant "just would like Dallas to be given formal notice by the court of the case and be given the opportunity to speak formally on the record whether it wishes to play any role in the case going forward." Status Conference at 10:04 (Fed. Cl. June 3, 2011). Thus, it appears that the gravamen of the motion is simply to make Dallas aware of this case.[2]

But the Government contends that the order should have stated that the Government "has not yet determined whether it will seek indemnification from the City of Dallas . . . ."[3] Of course, this is not what counsel for the Government told the Court during the hearing when directly asked why the Government wanted the notice sent and,

---

[1] Order Denying Def.'s Motion to Issue Notice to Third Party Pursuant to RCFC 14(b)(1) ("Order") at 1–2 (June 3, 2011) [Doc. No. 53].
[2] *Id.* at 2.
[3] Def.'s Mot. for Clarification 3 (June 30, 2011) [Doc. No. 57].

more specifically, whether res judicata principles were behind the Government's motion.

During the hearing, counsel for the Government plainly told the Court:

> The Court: So presumably the government's motive would be somehow to employ res judicata against Dallas in any future proceeding if they don't participate here. If you try to seek an indemnity against the—Dallas, is that correct?
> Mr. Doan: I don't know that that's the case, Your Honor. I think at this point, we just would like Dallas to be given formal notice by the Court—
> The Court: For what purpose?
> Mr. Doan: —if anything and given the opportunity to speak, you, formally on the record whether it wishes to play any role in the case going forward.[4]

Thus, the Court's order clearly reflects what Government counsel stated in the hearing:

> Res judicata principles did not form the basis for the motion. Assuming, arguendo, that such principles guided defendant to file the motion, denial of the motion would be warranted because it was federal, not state, action that caused the Fifth Amendment taking in this case. The court previously determined that any actions taken by Dallas resulted from enactment of the Wright Amendment Reform Act, a federal statute. Thus, any judgment in this case against defendant would have no preclusive effect against Dallas.[5]

Arguably, the Government's motion is more properly understood as a motion for reconsideration under RCFC 59, asking the Court to revise its decision to reflect the Government's newly articulated reason for why notice should have been sent.

But reconsideration may only be granted when the movant shows "either that: (a) an intervening change in the controlling law has occurred, (b) evidence not previously available has become available, or (c) that the motion is necessary to prevent manifest

---

[4] Status Conference Tr. 5:8–11 (June 3, 2011).
[5] Order at 2 n.1.

injustice."[6]  Reconsideration is "not intended to give an unhappy litigant an additional chance to sway the court."[7]

Reconsideration has no applicability here because the Government has made no showing for how the Court's ruling has been affected by an intervening change in the law, new evidence, or why the Court's ruling needs to be reconsidered to prevent a manifest injustice.  Having failed to satisfy the narrow standard for reconsideration, the Government is left with no good reason why the Court's June 3, 2011 order denying the Government's motion to send a notice should be rewritten or "clarified."  The order contains no ambiguity, it accurately reflects the Government's statements in the hearing, and there is no reason to reconsider the ruling.

                                Respectfully submitted,

                                /s Roger J. Marzulla
                                Roger J. Marzulla
                                Nancie G. Marzulla
                                MARZULLA LAW, LLC
                                1150 Connecticut Avenue
                                Suite 1050
                                Washington, DC 20036
                                (202) 822-6760 (telephone)
                                (202) 822-6774 (facsimile)

Dated:  July 5, 2011                        Counsel for Plaintiffs

---

[6] *Bannum, Inc. v. United States*, 59 Fed. Cl. 241, 243 (2003); *Henderson City Drainage Dist. No. 3 v. United States*, 55 Fed. Cl. 334, 337 (2003); *Bishop v. United States*, 26 Cl. Ct. 281, 286 (1992).
[7] *Circle K Corp. v. United States*, 23 Cl. Ct. 659, 665 (1991).