# In the United States Court of Federal Claims

No. 08-536 L
(Filed: July 18, 2011)

```
*************************************
LOVE TERMINAL                    *
PARTNERS, L.P., et al.           *
                                 *
                                 *    Motion for Clarification; Notice to an
              Plaintiffs,        *    Interested Party; RCFC 14(b)(1); Res
                                 *    Judicata; Indemnification; Motion for
v.                               *    Reconsideration; RCFC 59; Caldwell;
                                 *    Four Rivers Investments, Inc.
THE UNITED STATES,               *
                                 *
              Defendant.         *
*************************************
```

Roger J. Marzulla, Washington, DC, for plaintiffs.

Joshua A. Doan, United States Department of Justice, Washington, DC, for defendant. Paul Samuel Smith, United States Department of Transportation, Washington, DC, of counsel.

### RULING ON DEFENDANT'S MOTION FOR CLARIFICATION

**SWEENEY**, Judge

On June 3, 2011, the court conducted a status conference with the parties to discuss defendant's motion to issue notice, pursuant to Rule 14(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), to a third party, the City of Dallas ("Dallas"). Thereafter, the court issued an order, dated June 3, 2011, denying defendant's motion. Now before the court is defendant's motion for clarification, wherein defendant requests that the court modify its June 3, 2011 order to indicate that "the United States has not yet determined whether it will seek indemnification from the City of Dallas and reserves its right to do so in an appropriate forum." Def.'s Mot. Clarification 3. Plaintiffs oppose the motion, contending that no ambiguity exists in the court's June 3, 2011 order that requires clarification.[1]

During the status conference, counsel for defendant, when asked directly why the government sought an order in this case issuing notice to Dallas, did not state that the government had yet to determine whether it would, at some later date, seek indemnification from

---

[1] Plaintiffs also contend that, to the extent that the motion is one for reconsideration pursuant to RCFC 59, defendant has failed to make the requisite showing.

Dallas but reserved the right to do so in an appropriate forum.  Instead, the following colloquy occurred:

>THE COURT: So presumably the government's motive would be somehow to employ res judicata against Dallas in any future proceeding if they don't participate here.  If you try to seek an indemnity against . . . Dallas, is that correct?
>
>MR. DOAN: I don't know that that's the case, Your Honor.  I think at this point, we just would like Dallas to be given formal notice by the Court –
>
>THE COURT: For what purpose?
>
>MR. DOAN: – if anything and given the opportunity to speak, you know, formally on the record whether it wishes to play any role in the case going forward.

Hr'g Tr. 5:8-21, June 3, 2011 (emphasis added).  Defendant now contends that its counsel's response was addressed to the question of whether the government sought notice in order to employ res judicata against Dallas, not to suggest that the government would never seek indemnification from Dallas.  Yet, defendant did not attempt to further explain or revisit its response at any time during the status conference.

The court's order accurately reflects the response provided by defendant's counsel during the status conference with respect to its intentions during these proceedings: "The government does not intend to seek indemnification from Dallas, and its sole purpose in filing the motion is to make Dallas aware of the litigation."  Order at 2, June 3, 2011.  Contrary to defendant's contention, the scope of the court's statement is clear and unambiguous.  Accordingly, clarification is both unwarranted and unnecessary.

The same determination results if the court construes defendant's motion for clarification as one for reconsideration pursuant to RCFC 59.  A motion for reconsideration is a request for extraordinary relief and is not to be used by a dissatisfied party to relitigate the case.  Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004); Four Rivers Invs., Inc. v. United States, 78 Fed. Cl. 662, 664 (2007); Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd per curiam, 250 F.3d 762 (Fed. Cir. 2000) (table).  Thus, such a motion "does not provide an occasion for a party 'to raise arguments that it could have raised previously, but did not'" or to "'reassert arguments that the Court already has considered.'"  Four Rivers Invs., Inc., 78 Fed. Cl. at 664 (quoting Browning Ferris Indus., Inc. & Subsidiaries v. United States, No. 05-738T, 2007 WL 1412087, at *1 (Fed. Cl. May 10, 2007)).  Rather, the court may grant a motion for reconsideration when there has been (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) a need to correct clear factual or legal error or prevent manifest injustice.  See RCFC 59(a)(1) (allowing the court to grant a motion for reconsideration "for any reason for which a new trial has heretofore been granted in an action at law in federal court" or "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal

court"); Bd. of Trs. of Bay Med. Ctr. v. Humana Military Healthcare Servs., Inc., 447 F.3d 1370, 1377 (Fed. Cir. 2006); Fla. Power & Light Co. v. United States, 66 Fed. Cl. 93, 96 (2005). "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed.Cir.1990).

     Here, defendant does not argue that an intervening change in the controlling law has occurred or that newly discovered evidence has been brought to light.  Defendant also does not argue that a clear factual or legal error must be corrected or that a clarification prevents manifest injustice.  Instead, it appears that defendant merely reads the court's order to create an imaginary ambiguity in order to accommodate an evolving litigation strategy for a hypothetical case it may file on a future date in another forum.  Such a reading does not justify the court revisiting its June 3, 2011 order under RCFC 59.

     For the foregoing reasons, defendant's motion is **DENIED**.

     **IT IS SO ORDERED.**

                                                                           s/ Margaret M. Sweeney
                                                                           MARGARET M. SWEENEY
                                                                           Judge